**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TRUSTEES OF OHIO BRICKLAYERS HEALTH
AND WELFARE FUND, et al.,

                     Plaintiffs,

v.                                    CIVIL ACTION NO.  2:12-cv-01475

G & R MASONRY, INC., et al.,

                     Defendants.

**MEMORANDUM OPINION AND ORDER
(Motion for Relief from a Default Judgment)**

Pending before the court is Defendant Larry Robinson's Motion for Relief from a Default Judgment that is Void for Lack of Personal Jurisdiction ("Motion for Relief") [Docket 35]. The plaintiffs did not file a response opposing this motion, and the time to file a response has now passed. For the reasons discussed below, the defendant's Motion for Relief [Docket 35] is **GRANTED**, and the entry of default only as against Mr. Robinson is **SET ASIDE**.

**I.      Background**

The plaintiffs, Trustees of Ohio Bricklayers Health and Welfare Fund, Trustees of the International Masonry Institute, and Trustees of the Bricklayers and Trowel Trades International Pension Fund (collectively "Funds") brought this action pursuant to the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA") to enforce a collective bargaining agreement ("CBA") between the defendant, G & R Masonry, Inc. ("G & R"), and the Bricklayers and Allied Crafts District Council of West Virginia. (Compl.

[Docket 1] ¶¶ 1-2). The plaintiffs contend that defendants, Larry Robinson and Larry Stutler, are principal owners/officers of G & R, and therefore, fiduciaries of G & R pursuant to the Funds' plan documents and ERISA. (Pls.' Mem. in Supp. of the Mot. for Default J. [Docket 16], at 3). This case arises out of G & R's alleged failure to "submit complete monthly reports and contribution payments for work performed in violation of the CBAs and plan documents." (*Id.* at 2).

On May 10, 2012, the plaintiffs filed the present action seeking an audit of G & R's records and judgment in the amount of delinquent contributions, delinquency assessments, and attorneys' fees. (*Id.* at 4). On May 19, 2012, service was executed on the defendants by certified mail. (Summons [Docket 7]; Summons [Docket 8]; Summons [Docket 9]). According to the docket, the defendants' answers were due by June 11, 2012; however, none of the defendants filed an answer, motion, or responsive pleading. On June 13, 2012, the plaintiffs applied for an entry of default and the clerk entered default against the defendants two days later. (Application [Docket 10]; Clerk's Entry of Default [Docket 11]). Subsequently, on August 22, 2012, this court granted the plaintiffs' Motion for Default Judgment against all three defendants. (Order [Docket 19]). Presently, the defendant, Mr. Robinson, has moved for relief from default judgment for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 60(b)(4). (Mot. for Relief [Docket 35]).

## II.     Standard of Review

The standard for whether a default judgment should be set aside comes from Rule 60(b) of the Federal Rules of Civil Procedure. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010). Rule 60(b) provides that, among other things,

2

a court "may relieve a party . . . from a final judgment" if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A motion under Rule 60(b) must be made within a reasonable time." *Id.* 60(c)(1).  As presented here, "[a] final judgment is void if rendered in the absence of personal jurisdiction over the parties to be bound." *Ballard v. Bank of Am., N.A.*, No. 2:12-cv-2496, 2013 WL 1337356, at *2 (S.D. W. Va. Mar. 29, 2013). Furthermore, motions made under Rule 60(b)(4) are "unique . . . in that relief is not discretionary and a meritorious defense is not necessary as on motions made pursuant to other 60(b) subsections." *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998).

### III.  Analysis

The defendant contends that the court was powerless to enter default judgment against him because it lacked personal jurisdiction as a result of insufficient service of process. At the outset, I note that it has been more than two years since the court entered default judgment against Mr. Robinson. However, "a motion to vacate a void judgment pursuant to Rule 60(b)(4) contains little, if any, time limit." *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002) (citing *Precision Etchings & Findings, Inc. v. LFP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992)). Accordingly, I **FIND** that Mr. Robinson's motion is timely under Rule 60(b).

Under the Federal Rules of Civil Procedure, service of process can be effectuated in four different ways:

(1) Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

(A) Delivering a copy of the summons and of the complaint to the individual personally;

(B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Because there is no evidence that the summons was delivered to Mr. Robinson personally or to an agent of Mr. Robinson, I will analyze only the first—under the West Virginia Rules of Civil Procedure—and third methods.[1]

### a. West Virginia Rules of Civil Procedure

Rule 4(d) of the West Virginia Rules of Civil Procedure provides for personal or substitute service in the following manner:

(1) Delivering a copy of the summons and complaint to the individual personally; or
(2) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
(3) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or
(4) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addresses; or
(5) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of notice and acknowledgement confirming substantially for Form 14 and a return envelope, postage prepaid, addressed to the clerk.

W. Va. R. Civ. P. 4(d). Again, there is no evidence that Mr. Robinson was served personally, through an agent, or by first class mail. Therefore, I will analyze only sections (2) and (4).

### i. Usual Place of Abode

Pursuant to Rule 4, service may be delivered to the defendant's "dwelling place or usual place of abode." *Id.* However "[i]t is well settled that an individual's place of employment is not

---

[1] A man named Kenneth Gillewater signed the certified mail return receipt for Mr. Robinson, and indicated he was signing as Mr. Robinson's agent. (Certified Mail Return Receipt [Docket 8], at 2). However, there is no evidence that Mr. Gillewater had the authority to sign on Mr. Robinson's behalf.

his usual place of abode." *Wiseman v. West Virginia ex rel. Dep't of Safety*, No. 5:06-cv-194, 2007 WL 951720, at *1 (S.D. W. Va. Mar. 27, 2007) (citing 4A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3637 n.9 (3d. ed. 1998)).

Here, service was sent by certified mail to 665 Coal River Road, St. Albans, WV 25177 and signed for by Mr. Gillewater. (Certified Mail Return Receipt [Docket 8]). Although the plaintiffs were aware of other addresses for Mr. Robinson, they chose the Coal River Road address based on the belief that Mr. Robinson worked there. (Def.'s Mem. in Supp. of his Mot. for Relief ("Def.'s Mem. Supp.") [Docket 36], at 2, 4). This location is clearly not Mr. Robinson's home or dwelling. Furthermore, a possible employment address does not constitute Mr. Robinson's usual place of abode. In fact, at the time this suit was filed, Mr. Robinson had been retired from any position with G & R for almost a year and was a citizen of the state of Florida. (Def.'s Mem. Supp. [Docket 36], at 3-4). Accordingly, I **FIND** that service of process was insufficient under West Virginia Rule of Civil Procedure 4(d)(1)(B) to establish personal jurisdiction over the defendant, Mr. Robinson.

### ii.     Certified Mail

Pursuant to Rule 4, service may also be delivered to the defendant "by certified mail, return receipt requested, and *delivery restricted to the addressee*[.]" W. Va. R. Civ. P. 4(d)(1)(D) (emphasis added). On May 18, 2012, the Clerk, on behalf of the plaintiffs, reissued the summons directed to the defendants via certified mail. (Summons Reissued [Docket 6]; *see also* Def.'s Mem. Supp. [Docket 36], at 2). However, plaintiffs' counsel did not restrict delivery to the addressee, as required by the Rules. (*Id.*).  As a result, Mr. Gillewater was able to sign for the summons, which is why Mr. Robinson never received it or responded. Accordingly, I **FIND** that

service of process was insufficient under West Virginia Rule of Civil Procedure 4(d)(1)(D) to establish personal jurisdiction over the defendant, Mr. Robinson.

**b.   Usual Place of Abode**

Consistent with the above discussion, I **FIND** that service of process was insufficient under Federal Rule of Civil Procedure 4(e)(1)(B) to establish personal jurisdiction over the defendant, Mr. Robinson.

**IV.   Conclusion**

For the reasons discussed above, the defendant's Motion for Relief [Docket 35] is **GRANTED**, and the entry of default only as against Mr. Robinson is **SET ASIDE**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December 19, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6